Teeanna BILES, Appellant,

v.

Jim HARRIS and Sandra Butler,
Appellees.

No. 46240.

Court of Appeals of Oklahoma,
Division No. 1.

March 19, 1974.

Released for Publication by Order of Court
of Appeals April 25, 1974.

Robert T. Keel, Oklahoma City, for appellant.

Pierce, Couch, Hendrickson, Gust & Short by Calvin W. Hendrickson, Oklahoma City, for appellees.

BAILEY, Judge:

Teeanna Biles appeals from a final judgment granting the defendants' motion for summary judgment and dismissing plaintiff's petition.

In March, 1970, appellant, 19 years of age, contacted the Harris Agency in Oklahoma City which writes automobile insurance for State Farm. The Harris Agency, through Sandra Butler, agreed to issue a policy to the appellant on a 1964 Volkswagen which she had just purchased. Appellant paid the premium the next day.

Subsequent events are related in appellant's brief summarized as follows: On April 3, 1970, appellant was involved in an automobile accident with an uninsured motorist receiving serious injuries and totaling out her 1964 Volkswagen. Appellant, while still in the hospital, received her State Farm policy which did not include collision or medical coverage or uninsured motorist coverage. She contacted the Harris Insurance Agency and was then advised that she did not have medical, collision, or uninsured motorist coverage. Jim Harris claimed she had signed and contracted for liability and comprehensive coverage only. Harris advised her that since she had signed a waiver rejecting uninsured motorist coverage, she did not have that coverage and there was nothing he could do for her. Appellant denied signing any instrument or giving Jim Harris permission to sign her name.

Appellant employed a graphoanalyst to prove she did not sign the waiver rejecting uninsured motorist coverage and the application alleged to have been signed by her and that a forgery had been committed, which State Farm later admitted and then agreed to extend uninsured motorist coverage.

After furnishing State Farm with copies of medical bills, reports and lost wages statements, State Farm refused to make an offer of settlement satisfactory to appellant or to arbitrate the dispute. Appellant then proceeded to trial in District Court of Oklahoma County on April 12, 1971 against the uninsured motorist and received a verdict of $50,565.00. Demand was then made upon State Farm to pay the judgment which was refused and a Federal court case was filed against State Farm.

The first complaint alleging breach of the contract on uninsured motorist coverage between State Farm and Teeanna Biles was filed on June 18, 1971 in Federal District Court praying for the amount of the contract, namely, $10,000.00 and for exemplary damages. State Farm answered on July 8, 1971 with a general denial. On September 8, 1971, appellant filed an amended complaint alleging fraud and deceit by Harris and Butler but did not make them party defendants. State Farm did not respond to the amended complaint but on September 18, 1971 filed its motion for summary judgment alleging no genuine issue as to any material fact as to the policy of insurance but tendered $10,000. to the appellant, the amount of the uninsured motorist coverage. A judgment dismissing the case with prejudice was filed by the Federal District Court on December 7, 1971.

On December 9, 1971, this action was commenced in the District Court of Oklahoma County against Harris and Butler for the fraud and forgery in preventing appellant from purchasing uninsured motorist, medical pay, and collision coverage. Both actual and punitive damages were prayed in the petition. The appellees answered and alleged that the judgment and order of the Federal District Court against State Farm was binding in this case and asked for judgment and costs.

The trial court granted summary judgment to the appellees on the ground that they were discharged from liability in this case by the release and judgment in the Federal case against State Farm and the payment by State Farm of $10,000.

■ We see no distinction of substance between the effect of satisfaction of a release or of a judgment with one of several joint tortfeasors or with an *employer* based upon his derivative liability for the wrongful act of his employee and so cite such cases interchangeably in the following discussion. (As to the effect of the release of an *employee* upon the employer's liability, see Barsh v. Mullins, 338 P.2d 845 (Okl.1959).)

■■ In Oklahoma one party may pay for part of the total damage for which he and another are legally responsible pursuant to a settlement and release without discharging the other person from liability if that is the intent of the parties to the release. All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424 (1946) (settlement with joint tortfeasor); Losito v. Kruse, 136 Ohio St. 183, 24 N.E.2d 705, 126 A.L.R. 1194 (1940), cited in Barsh v. Mullins, supra, 338 P.2d at p. 849 (settlement and release with employer). However a payment by such a party in satisfaction of a judgment against him even for less than the total damage for which he and another are legally responsible releases the other from any further liability. Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641 (1928). The reasoning is that the satisfaction of the judgment even though for less than the full damage extinguishes any cause of action against the remaining defendant. Powell v. Powell, 370 P.2d 909 (Okl.1962). This reasoning is less than persuasive when it is remembered that taking judgment against one defendant does not result in a merger or extinction of the cause of action in the sense that the plaintiff cannot subsequently pursue and take judgment against other defendants jointly and severally liable for the same damage. He can take as many judgments as he wishes against separate parties for all or any part of the same damage as long as he does not satisfy one of them. Restatement, Judgments §§ 94, 95 (1942). It is only satisfaction of a judgment which eliminates any further claim. Of course if the judgment is for the full damage suffered by the plaintiff, satisfaction of it *should* eliminate any further claim against others since the plaintiff should not be paid more than the amount of his damage. It is questionable whether this same result should follow when the judgment is for less than the entire damage.

The fact that satisfaction of a judgment for less than all damage releases others liable for the rest when a release properly written does not, has been confusing to able lawyers in Oklahoma and a trap for the unwary counselor who not only gives a release upon settlement and payment by one defendant for part of the damage to his client but also enters some kind of final judgment for the plaintiff in the pending suit against that defendant so that the record will reflect disposition of the suit. Unless that judgment is carefully written the payment made may be construed not only as made pursuant to the settlement and release but also in satisfaction of the judgment entered, thus extinguishing liability of the others for the remainder of the plaintiff's damage. W. Prosser, The Law of Torts §§ 48, 49 (4th ed. 1971). This is what the appellees claim has happened in this case. It was their wrong as agents of the State Farm Mutual Insurance Company which was the underlying basis for the claim made earlier against the Company in Federal court and now made against them in this suit. They say that they are discharged from liability because in the earlier suit brought in the Federal District Court solely against State Farm, the plaintiff executed a release and trust agreement for $10,000. with State Farm which was accepted and then a final judgment was entered in the suit.

■ First, was it the intent of the parties in releasing State Farm also to release

these defendants? The trial judge in this case held that it was. The language of the release and trust agreement in pertinent part is as follows:

## "RELEASE AND TRUST AGREEMENT

| | |
|---|---|
| Policy Holder | Helen and Teeanna Biles |
| Claim No. | 36-227-508-9 |
| Policy No. | 99824136 |

"Received of State Farm Mutual Automobile Insurance Company hereinafter called the company, the sum of Ten Thousand and No/100 Dollars ($10,000.00) in full settlement and final discharge of all claims under the above numbered policy because of bodily injuries known and unknown and which have resulted or may in the future develop, sustained by Teeanna Biles by reason of an accident or occurrence arising out of the ownership or operation of an uninsured automobile by David B. Long which occurred on or about the 3rd day of April , 1970 at the intersection of Northwest 39th and May Avenue, Oklahoma City, Oklahoma. . . ."

---

What indication is there from this language that the parties intended to discharge the present defendants, State Farm's agents, as well as State Farm? The language purports to release State Farm alone, not any other party. These defendants are not parties to the release and are not even mentioned in the release. It seems to us that if ordinary contract principles are applied in the interpretation of this release and if we are to determine the intent of the parties either to release the other parties or not, as 15 O.S.1971, § 152 requires us to do, that there is little evidence from the language that the agents of State Farm whose actions gave rise to the claim were somehow intended as unnamed third party beneficiaries of this release.

If the amount paid, $10,000., were a fair estimate of the amount that plaintiff might have expected to recover or bore a reasonable relationship to the damages incurred, then that would be an indication that the parties intended the settlement to be in full discharge of the liability of any person involved, not just the liability of State Farm; but $10,000. is obviously chosen because it is the sum which would have been included in the policy if the agent had not fraudulently forged a disclaimer of such coverage (since the maximum liability coverage in the policy for a single injury was $10,000. See 36 O.S.1971, § 3636 and 47 O.S.1971, § 7-204). Actual damages exceed this amount several fold and recoverable damages against either State Farm or these defendants in all likelihood would have been substantially in excess of $10,000. In addition to the uninsured policy coverage of $10,000. (See Valdez v. Taylor Automobile Co., 129 Cal.App.2d 810, 278 P.2d 91 (1954), these defendants would also be subject to an award of punitive damages, which might be substantial in view of the nature of the act committed by them. 23 O.S.1971, § 9. The $10,000. already paid does not under the terms of the release itself, cover the damage to plaintiff's automobile which is several hundred dollars more which might be recovered under the plaintiff's allegations in the petition if proved. Since the amount of the settlement with State Farm is less than the damages fairly recoverable either against State Farm or these defendants, we

conclude, contrary to the trial judge, that it was only a partial, not complete, satisfaction of the damages suffered. A partial settlement with State Farm does not show any intent to release State Farm agents who committed the wrong. Losito v. Kruse, supra.

The trial judge thought that intent to release every one from liability was expressed in the language of the release that the payment of $10,000. was "in full settlement and final discharge of all claims" but it seems to us that this language obviously refers to all claims against State Farm, which was the only party defendant in the Federal suit and the only party named or designated as an adverse party in the agreement. We conclude that the language in the release and trust agreement demonstrates no intent to release the insurance agents but only State Farm, and the trial court erred in so holding.

Even if there was no intention to release the defendants, did the payment of $10,000. constitute a satisfaction of the judgment entered by the Federal District Court and discharge these defendants of liability irrespective of any contrary intention? This depends upon the manner and form of the judgment and the nature of the payment made. The judgment entered against State Farm read as follows:

"Upon consideration of defendant's motion for summary judgment and this Court's order sustaining defendant's motion for summary judgment, and this Court's further consideration of this matter at a hearing conducted on November 30, 1971 at the request of counsel, including statements by counsel that defendant's tender of Ten Thousand Dollars ($10,000.00) to plaintiff has been accepted by plaintiff and a release and trust agreement executed by the plaintiff, it is hereby ordered that judgment, in accordance with this Court's order of October 30, 1971 sustaining defendant's motion for summary judgment in which

defendant tendered to plaintiff the sum of Ten Thousand Dollars ($10,000.00) be entered in favor of plaintiff in the sum of Ten Thousand Dollars ($10,000.00), and that, upon stipulation of counsel, the cause of action is dismissed with prejudice."

As we read this judgment entry, it contains three adjudications; that the defendant, State Farm, have summary judgment; that the plaintiff have and recover $10,000.; and that the action be dismissed with prejudice. Only one of these adjudications, judgment for plaintiff for $10,000. followed by payment in satisfaction thereof would discharge these defendants as well as State Farm. Neither of the others would have this effect.

■■ Obviously this is not an adjudication of $10,000. in the usual sense of this kind of judgment, and award of damages to the plaintiff on the merits based upon a verdict following a trial. In fact it is apparent from the accompanying summary judgment for defendant State Farm, that the Federal District Court has simultaneously determined that the defendant was *not liable to the plaintiff at all.* If the trial court had decided that the defendant was not liable at all, how could the court then render judgment for $10,000. for the plaintiff? Only because the parties had made a settlement to that effect. We construe this so-called adjudication of $10,000. for the plaintiff, then, as meaningful only as a ratification of the settlement and release and payment made thereunder by the parties and not as an adjudication of a recovery by the plaintiff on the merits at all. The satisfaction rule therefore is inapplicable. See Note, 25 Okla.L.Rev. 287 (1972).

Having decided the case both for the defendant, State Farm, and for the plaintiff, the Federal court then dismissed the action in toto with prejudice. Arguably this portion of the judgment renders the other adjudications moot and is the only operative

portion of the judgment entry. Certainly dismissal of the action is not consistent with the judgment that the plaintiff recover $10,000. One or the other is inoperative. If the judgment entry, considered in its entirety, is the equivalent of one merely dismissing the action with prejudice, then it can have no effect on this suit against these defendants. A release of one defendant upon partial satisfaction of a claim for damages followed by a judgment dismissing the action against that defendant in no way effects a discharge or extinguishes the liability of other defendants. Bland v. Lawyer-Cuff Co., 72 Okl. 128, 133, 178 P. 885, 889 (1918).

With these inconsistent adjudications, which seem to cancel or countermand each other, we think that it would be unfair to give effect to the most inconsistent one of the three which is the one which would extinguish this plaintiff's claim against these defendants.

For the reasons we have just related, we do not think that Massoth v. Staples, 481 P.2d 141 (Okl.1971) is here controlling. That case held that a payment into court by an employer of the amount of the judgment following trial, verdict, and judgment for the plaintiff satisfied the judgment and precluded subsequent suit by the plaintiff for the same damages against the employee. The nature of the judgment and the payment are different in this case as we have explained. We conclude that dismissal of the Federal action against State Farm with prejudice does not preclude the plaintiff from proceeding against the defendants in this suit.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

BOX, P. J., and ROMANG, J., concur.