828 P.2d 1237

Patricia C. ROLAND, a single woman, Plaintiff/Appellant/Cross–Appellee,

v.

Ronald A. BERNSTEIN, M.D., a married man; and Desert Neurosurgery of Tucson, P.C., an Arizona corporation, Defendants/Appellees/Cross–Appellants.

No. 2 CA–CV 91–0086.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 24, 1991.

Review Denied May 5, 1992.*

---

* Zlaket, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Healy and Beal by William T. Healy and Robert L. Beal, Tucson, for plaintiff, appellant, cross-appellee.

Slutes, Sakrison, Even, Grant & Pelander by Tom Slutes, Tucson, for defendants, appellees, cross-appellants.

## OPINION

LIVERMORE, Chief Judge.

Plaintiff brought a medical malpractice complaint against Ronald Bernstein, a neurosurgeon, his professional corporation, Desert Neurosurgery, Joseph Marcinkowski, an anesthesiologist, and Tucson General Hospital. Tucson General and Marcinkowski settled the claim for $700,000 each and the case proceeded to trial against Bernstein and his corporation. The jury found plaintiff's damages to be $1,965,000 and the degree of fault to be 47% for Bernstein, 28% for Marcinkowski, and 25% for Tucson General Hospital. The question then arose whether under A.R.S. § 12–2504 the amount Bernstein had to pay should be reduced by the amount of the pre-existing settlements. The trial court held that it

should and thus entered a judgment for $565,000 rather than for $923,550 (47% of $1,965,000). This appeal followed. We reverse.

■ When more than one defendant caused plaintiff's injuries the rule originally was that each such defendant was liable for the whole injury, that recovery against one eliminated the claim against the others, and that no right of contribution existed among defendants. See generally W. Prosser & W. Keeton, Torts §§ 46–52 (5th ed. 1984). Over time the rigor of these rules was relaxed, permitting settlement by one of the defendants without eliminating rights against the others, so long as double recovery did not occur, and contribution among tortfeasors. That result was accomplished in Arizona by passage of the Uniform Contribution Among Tortfeasors Act, A.R.S. § 12–2501 et seq. Section 12–2504, at issue in this case, provides that a settlement with "one of two or more persons liable in tort for the same injury ... does not discharge any of the other tortfeasors from liability for the injury ... but it reduces the claim against the others" by the amount of the settlement. If that section were applicable here the trial judge's ruling would be correct because the $1,400,000 settlement would be deducted from the $1,965,000 verdict to arrive at a $565,000 judgment against Bernstein.

We conclude, however, that § 12–2504 does not apply because it was enacted as part of a statute permitting contribution between defendants liable for the entire amount of damages caused by the concurrent negligence of each of them. It was not designed for this case which was tried under A.R.S. § 12–2506, a more recently enacted statute. Section 12–2506 abolished joint and several liability, limiting recovery against any defendant to that percentage of a plaintiff's total injuries representing that defendant's degree of fault.[1] Because recovery is so limited, contribution can never occur. Section 12–2504, passed as part of a statute regulating contribution, there-

---

1. There are exceptions where joint and several liability is retained. They are not applicable here.

fore, is not, obviously, applicable to a situation where there is no right to contribution.

This result can be easily squared with the statutory language. Section 12–2504 applies when "two or more persons [are] liable in tort for the same injury." Section 12–2506, on the contrary, provides that "the liability of each defendant for damages is several only and is not joint." In short, each defendant is liable only for the portion of the injury he caused, not the whole injury; no two are liable for the same injury. See *Kussman v. City and County of Denver,* 706 P.2d 776 (Colo. 1985).

In addition, we believe that it would be anomalous to give the benefit of an advantageous settlement, not to the plaintiff who negotiated it, but to the non-settling tortfeasor. Had plaintiff made a disadvantageous settlement, she would have borne that consequence because her recovery against Bernstein would have been limited to $923,550. At a minimum, symmetry requires that if the disadvantage of settlement is hers so ought the advantage be. Beyond that, we see no reason why a non-settling tortfeasor ought to escape the liability that is his by reason of the faulty assessment of probabilities by a settling tortfeasor. Indeed, such a rule might well discourage settlement by the last tortfeasor on the reasoning that his exposure is limited to his degree of fault and even that might be reduced by reason of pre-existing settlements. These considerations have led most courts considering this question to apply the rule we are adopting. See *Green v. United States,* 709 F.2d 1158 (7th Cir.1983); *Kussman v. City and County of Denver,* 706 P.2d 776 (Colo.1985); *Thomas v. Solberg,* 442 N.W.2d 73 (Iowa 1989); *D.D. Williamson & Co. v. Allied Chemical Corp.,* 569 S.W.2d 672 (Ky.1978); *Wilson v. Galt,* 100 N.M. 227, 668 P.2d 1104 (1983); *Charles v. Giant Eagle Markets,* 513 Pa. 474, 522 A.2d 1 (1978); *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414 (Tex.1984).

In a cross-appeal, Bernstein contends that whatever the rule should be respecting crediting sums paid by settling defendants, plaintiff is estopped to seek more than $265,550 (47% of $565,000) because in a pretrial memorandum plaintiff argued that *Shelby v. Action Scaffolding, Inc.,* 164 Ariz. 302, 792 P.2d 765 (App. 1990), would control that issue in this case. Because *Shelby* was a joint and several liability case, it would, under our ruling, have no application to the facts of this case. We do not think estoppel applies. No relief having been granted in reliance on the assertion in the memorandum, judicial estoppel does not apply. *Black v. Perkins,* 163 Ariz. 292, 787 P.2d 1088 (App. 1989). We have been cited no case in which a party has been bound by a misapprehension of the law early in the case requiring that what is not the law be applied even when the error is recognized. We can imagine few more dangerous concepts than the notion that one party may rely on another's misapprehension and bind that party and the court to that error.

The judgment is reversed and the matter remanded for the entry of a judgment in plaintiff's favor for $923,550 effective December 19, 1990, with interest on the unpaid balance from that date until paid.

LACAGNINA, P.J., and HOWARD, J., concur.