313 P.3d 532

Cicly Patricia Youtsey JAMERSON, an adult individual, Plaintiff/Appellant,

v.

Robert QUINTERO and Jane Doe Quintero; Robert Quintero, an adult individual doing business as American Floor, Defendants/Appellees.

No. 1 CA–CV 12–0769.

Court of Appeals of Arizona, Division 1.

Nov. 7, 2013.

Zachar Law Firm, PC, By Christopher J. Zachar, Phoenix, Knapp & Roberts, PC, By David L. Abney, Scottsdale, for Plaintiff/Appellant.

O'Connor & Campbell, PC, By Daniel J. O'Connor, Shane P. Dyet, J. Edward Doman, Jr., Phoenix, for Defendants/Appellees.

Fennemore Craig, PC, By Scott L. Altes, Theresa Dwyer–Federhar, Phoenix, for Amicus Curiae Banner Health.

## OPINION

JOHNSEN, Judge.

■ ¶ 1 Cicly Patricia Youtsey Jamerson appeals the superior court's dismissal of her negligence claim against Robert Quintero and American Floor. We hold that by statute, when a principal is jointly and severally liable for the fault of its agent, a stipulated dismissal with prejudice of the principal does not as a matter of law bar a claim against the agent. Accordingly, we vacate the judgment against Jamerson and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Jamerson allegedly slipped and fell in water a janitor left on the floor of a Coolidge drugstore. She sued the janitor, Quintero, and his employer, American Floor (collectively, "American"), alleging negligence. Her complaint also included a claim against the owner of the store, Walgreen Arizona Drug Co., alleging it had breached its non-delegable duty to keep the premises safe.

¶ 3 After mediation, Jamerson settled her claim against Walgreen, and the superior court entered a stipulated order dismissing Walgreen with prejudice. American then moved for summary judgment, arguing the dismissal of the claim against Walgreen constituted an adjudication on the merits that exonerated American. Citing *De Graff v. Smith*, 62 Ariz. 261, 269, 157 P.2d 342, 345 (1945), American argued that because American's negligence was imputed to Walgreen, the dismissal of Walgreen with prejudice barred Jamerson's claim against American.

¶ 4 The superior court granted American's motion "[f]or the reasons stated by [American]." We have jurisdiction of Jamerson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2013) and—2101(A)(1) (2013).[1]

## DISCUSSION

■ ¶ 5 As American acknowledges, Walgreen has a non-delegable duty to keep its premises safe for its invitees. Accordingly, Walgreen is vicariously liable for any negligence of American, the independent contractor it hired to clean its store. *See, e.g., Wiggs v. City of Phoenix*, 198 Ariz. 367, 368, 369, ¶¶ 1, 7, 10 P.3d 625, 626, 627 (2000); *Nelson v. Grayhawk Props. L.L.C.*, 209 Ariz. 437, 441, ¶ 14, 104 P.3d 168, 172 (App.2004). In the event of a breach by American (the agent) of the duty Walgreen (the principal) hired it to perform, the law will impose vicarious liability on Walgreen. *See Wiggs*, 198 Ariz. at 369, ¶ 7, 10 P.3d at 627.

■ ¶ 6 When a plaintiff sues both the agent and the principal for the negligence of the agent, a judgment in favor of the agent bars the plaintiff's vicarious liability claim against the principal, even when the judgment is the product of a settlement. *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 574, 716 P.2d 28, 31 (1986) ("In cases of derivative liability, a judgment or dismissal in favor of the servant relieves the master of liability."); *Law v. Verde Valley Medical Center*, 217 Ariz. 92, 96, ¶ 13, 170 P.3d 701, 705 (App.2007) ("When a judgment on the merits—including a dismissal with prejudice—is entered in favor of [the agent], there is no fault to impute and the party potentially vicariously liable ... is not 'responsible for the fault' of the other person.") (quoting A.R.S. § 12–2506(D)(2) (2013)).

■ ¶ 7 American's motion for summary judgment was based on the converse of this principle: American argued the stipulated dismissal with prejudice of Walgreen (the principal) barred Jamerson's claim against American (the agent). On appeal, American

1.  Absent material revision after the relevant date, we cite a statute's current version.

argues this conclusion is compelled by what it calls "the rule" of *De Graff*. *De Graff*, however, did not address the issue we face. Instead, *De Graff* addressed a plaintiff's voluntary dismissal of a claim against a truck driver (the agent) and held the settlement with the agent barred a vicarious liability claim against the driver's employer (the principal). 62 Ariz. at 262–63, 269, 157 P.2d at 342–43, 345. The language American relies on for "the rule" of *De Graff* was not necessary to the holding of the case and consists of the following from American Jurisprudence: "This is in accord with the general principle that a judgment in favor of either principal or agent in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against a subsequent right of action against the other." *Id.* at 269, 157 P.2d at 345 (quoting 35 Am. Jur. § 534).

¶ 8 This dictum may have reflected the common-law rule in some jurisdictions in 1945, when De Graff was decided. See V. Woerner, Annotation, Release of (or covenant not to sue) master or principal as affecting liability of servant or agent for tort, or vice versa, 92 A.L.R.2d 533 § 2 (1963) ("Most of the cases decided in the absence of a specific statute support the view that a valid release of one of the parties to the master-servant or principal-agent relationship releases the other."). Squarely addressing the issue in the first instance in Arizona, however, we conclude that pursuant to A.R.S. § 12–2504 (2013), a statute enacted 40 years after De Graff, a consent judgment in favor of a principal does not as a matter of law bar a claim against the tortfeasor agent.

¶ 9 Section 12–2504 is part of Arizona's version of the Uniform Contribution Among Tortfeasors Act ("UCATA"). *See* A.R.S. §§ 12–2501 to –2509 (2013). In 1984, when tortfeasors were jointly and severally liable for injury to a claimant, the legislature enacted a package of statutes granting tortfeasors a right of contribution among each other. A.R.S. §§ 12–2501 *et seq.; see Roland v. Bernstein*, 171 Ariz. 96, 97, 828 P.2d 1237, 1238 (App.1991). Under these statutes, a joint tortfeasor that had paid more than its pro rata share of a common liability was given a right of contribution against other joint tortfeasors liable for the same common liability. *See* A.R.S. § 12–2501. At the same time, the legislature adopted A.R.S. § 12–2504, which changed the common-law rule that a plaintiff who recovered against one joint tortfeasor could not recover against another. Under § 12–2504, a "release or covenant not to sue ... given in good faith to one of two or more persons liable in tort for the same injury ... does not discharge any of the other tortfeasors from liability ... unless its terms so provide, but it reduces the claim against the others to the extent" of the amount paid. A.R.S. § 12–2504(1); *see Roland*, 171 Ariz. at 97, 828 P.2d at 1238.

¶ 10 In 1987, the legislature enacted A.R.S. § 12–2506, which generally abolished joint-and-several liability by providing that, in the usual case, each defendant "is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." A.R.S. § 12–2506(A); *see Roland*, 171 Ariz., at 97, 828 P.2d at 1238 (§ 12–2506 "limit[s] recovery against any defendant to that percentage of a plaintiff's total injuries representing that defendant's degree of fault"). The legislature, however, retained joint-and-several liability in a few circumstances, one of which is when a defendant is sued based on a theory of vicarious liability. A.R.S. § 12–2506(D). Specifically:

> The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person, or for payment of the proportionate share of another person, if any of the following applies:
>
> \*   \*   \*
>
> 2. The other person was acting as an agent or servant of the other party.

A.R.S. § 12–2506(D)(2).

¶ 11 In *Roland*, we held § 12–2504 does not apply in a several-liability situation, in which each defendant is liable only to the extent of its own fault. 171 Ariz. at 97–98, 828 P.2d at 1238–39. In that circumstance, a settlement with one defendant necessarily does not affect the liability of another, so § 12–2504 is irrelevant. *Id.* at 97, 828 P.2d

at 1238. The fact that the legislature did not amend or repeal § 12–2504 when it all but abolished joint-and-several liability in 1987 must mean the statute still applies in the handful of remaining situations in which liability is joint. *Neil v. Kavena*, 176 Ariz. 93, 97, n. 4, 859 P.2d 203, 207, n. 4 (App.1993). In such situations, a release that a claimant gives to one defendant does not discharge any other joint tortfeasor, although the claims against the remaining joint tortfeasors are reduced by the amount of the settlement.

¶ 12 Because Walgreen is jointly and severally liable for any negligence of American, § 12–2504(1) applies to Jamerson's settlement with Walgreen.[2] Accordingly, Walgreen's dismissal does not discharge American from liability, although any judgment Jamerson obtains against American will be reduced by the amount Walgreen paid in settlement. A.R.S. § 12–2504(1).

¶ 13 American argues § 12–2504 does not apply to vicarious liability, and points for support to *Law*, which held that by enacting UCATA, our legislature did not upset the common-law rule that a stipulated judgment in favor of an agent bars a claim against the principal. 217 Ariz. at 96, ¶ 13, 170 P.3d at 705. We held in *Law* that a consent judgment with prejudice in favor of an agent is an "adjudication[ ] of non-liability on the merits" to which § 12–2504 does not apply. *Id.* at ¶ 15.

▪ ¶ 14 But our reasoning in *Law* does not apply here. When a claimant stipulates to a judgment in favor of an agent, the agent thereby is adjudicated to have no liability, and any vicarious liability of the principal necessarily falls away. *Id.; see 4501 Northpoint LP v. Maricopa County*, 212 Ariz. 98, 102–03, ¶ 26, 128 P.3d 215, 219–20 (2006) (stipulated judgment may have claim-preclusive effect). Put simply, because the agent has been adjudicated not liable, as a matter of law, the principal is not liable.

▪ ¶ 15 Here, however, we have the converse situation. Although the stipulated

judgment in favor of Walgreen constitutes an adjudication on the merits of Jamerson's claim against Walgreen, *see Law*, 217 Ariz. at 96, ¶ 15, 170 P.3d at 705, the judgment does not affect her claim against American because that claim is not derivative of the claim against Walgreen. In other words, the stipulated judgment in favor of Walgreen represents an adjudication on the merits that Walgreen is not liable for any negligence of American, but it says nothing about whether American was negligent or whether it may be liable for such negligence. This follows from the principle that although claim preclusion applies to a consent judgment, issue preclusion does not. *See Northpoint*, 212 Ariz. at 103, ¶ 26, 128 P.3d at 220 ("Issue preclusion . . . applies only as to issues that have in fact been litigated and were essential to a prior judgment") (citing Restatement (Second) of Judgments § 27 (1982)).

¶ 16 In *Law*, we held § 12–2504 did not allow a plaintiff to pursue a vicarious liability claim against an employer after she dismissed claims against the employee-tortfeasors. 217 Ariz. at 96, ¶ 16, 170 P.3d at 705. We explained the statute did not preserve the claim against the employer (the principal) because a principal being sued for vicarious liability is not a "true joint tortfeasor[ ] under Arizona law." *Id.* Accordingly, the directive in § 12–2504(1) that a release "does not discharge any of the other tortfeasors from liability" did not apply. *Id.*

¶ 17 We do not accept American's contention that under *Law*, § 12–2504 does not apply whenever vicarious liability is alleged. American's argument that the result of the stipulated dismissal here must be the same as in *Law* simply because vicarious liability is at issue misperceives the limited retention of joint liability in A.R.S. § 12–2506(D). As recited above, liability is several only except that, as applicable here, "a party is responsible for the fault of another person . . . if . . . [t]he other person was acting as an agent or servant of the party." A.R.S. § 12–2506(D). To state the obvious, the principal in such a situation is jointly liable for the fault of the

---

**2.** Jamerson's complaint alleged both that Walgreen was negligent in cleaning the store (it was vicariously liable for American's alleged negligence) and in hiring and supervising American.

The settlement and consent judgment disposed of both components of Jamerson's claim, but only the vicarious liability component is relevant in this appeal.

agent, but the reverse is not true: The agent is not jointly liable for the "fault" of the principal because the principal is not itself at fault. Accordingly, although, as *Law* held, § 12–2504 does not apply when a claimant gives a release to an agent that is not jointly liable for any act by the principal, the statute plainly applies to a settlement with a principal jointly liable for the fault of its agent. *See Neil,* 176 Ariz. at 95, 859 P.2d at 205 (§ 12–2504 applies to jointly liable tortfeasors).[3]

¶ 18 American also argues § 12–2504 does not apply because, although Jamerson and Walgreen agreed to a stipulated dismissal with prejudice, the record contains no "release or a covenant not to sue or not to enforce judgment," to which the statute expressly applies. The settlement here, however, resulted in a stipulated judgment that necessarily bars any claim by Jamerson against Walgreen. To hold that under these circumstances the negotiated consent judgment did not constitute a release for purposes of § 12–2504(1) would be to exalt form over substance.

¶ 19 American also points to our statement in *Law* that A.R.S. § 12–2504 did not apply because "the statute does not address dismissals with prejudice of pending actions." 217 Ariz. at 96, ¶ 15, 170 P.3d at 705. We do not understand *Law* to mean that, as a matter of law, A.R.S. § 12–2504 does not apply to any settlement that results in a dismissal with prejudice. Indeed, a dismissal with prejudice is commonly given with a "release," to which the statute expressly would apply. *See Bishop v. Pecanic,* 193 Ariz. 524, 975 P.2d 114 (App.1998) (applying § 12–2504 to stipulated dismissal of intentional tort claims against joint tortfeasors). Instead, we read the referenced language to mean that a stipulated judgment in favor of a defendant is "an adjudication of non-liability on the merits." *Law,* 217 Ariz. at 96, ¶ 15, 170 P.3d at

705. As we have said, however, while claim preclusion applies to such an adjudication, issue preclusion does not.

¶ 20 American also cites Restatement (Third) of Torts: Apportionment of Liability (2000). Pursuant to § 7, comment j, of that Restatement, "[w]hen a party is liable solely on the basis of another person's tortious conduct, ... the party who committed the tortious acts or omissions and the party to whom liability is imputed are treated as a single unit for the assignment of responsibility." When that provision applies, § 16, comment d, further provides that a settlement with one of the parties "extinguishes the liability of the others."

¶ 21 We infer that comment d applies to the situation, not presented here, in which the fault of defendants linked by vicarious liability is to be compared to the fault of other non-settling defendants. *See id.* ("The nonsettling defendants will receive a credit for the share of responsibility that the factfinder assigns to the agent and vicariously liable party. Thus, there is no responsibility remaining to be assigned to any non-settling agent or vicariously liable party."). Regardless, to the extent that § 16 and comment d are intended to apply in a situation such as this, in which the plaintiff's only claims are against the agent and the principal and the principal has settled, A.R.S. § 12–2504 precludes application of the Restatement rule. *See In re Krohn,* 203 Ariz. 205, 210, ¶ 18, 52 P.3d 774, 779 (2002) (Arizona courts do not follow the Restatement in the face of "legislative enactment" to the contrary).[4]

¶ 22 Finally, in urging us to reverse the summary judgment against her, Jamerson argues that Arizona should join several other jurisdictions in holding under the common law that, absent a contrary intent of the settling parties, a settlement with the principal does not as a matter of law bar a claim

---

3. American does not argue that A.R.S. § 12–2504 is inapplicable because the Walgreen settlement was not in good faith; nor does it argue that the settlement by its terms released American.

4. Indeed, comment d to Restatement § 16 explains that it is necessary to prevent an "undeserved windfall for the plaintiff, if the plaintiff is permitted to keep the settlement proceeds and recover on the judgment against the primarily liable defendant." Arizona's legislature has eliminated this concern by providing in § 12–2504(1) that any such settlement reduces the amount the plaintiff may recover against the remaining tortfeasors.

against the agent.[5] Because § 12–2504 preserves Jamerson's claim against American, we need not address the issue under the common law.

## CONCLUSION

¶ 23 We vacate the judgment and remand for proceedings consistent with this opinion.

---

**5.** *See, e.g., Wolcott v. Ginsburg,* 697 F.Supp. 540, 545 (D.D.C.1988); *Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73, 74–76 (1960); *Hill v. McDonald,* 442 A.2d 133, 138, n. 5 (D.C.Ct.App. 1982) ("Certainly, as a matter of logic, it is hard to see how a principal could still be held vicariously liable after the release of its agent, the only real wrongdoer. But the converse is not at all obvious."); *Kellen v. Mathias,* 519 N.W.2d 218, 222–23 (App.Minn.1994) ("No policy reason exists to release an agent where the principal is released, absent an intent to release both parties."); *McFadden v. Turner,* 159 N.J.Super. 360, 388 A.2d 244, 247 (1978) (citing Restatement (Second) of Judgments § 27); *Keator v. Gale,* 561 N.W.2d 286, 289 (N.D.1997); *Losito v. Kruse,* 136 Ohio St. 183, 24 N.E.2d 705, 707 (1940); *Biles v. Harris,* 521 P.2d 884 (Ok.App.1974);

*Vanderpool v. Grange Ins. Ass'n,* 110 Wash.2d 483, 756 P.2d 111, 114 (1988). *But see Int'l Halliwell Mines, Ltd. v. Cont'l Copper & Steel Indus., Inc.,* 544 F.2d 105, 109–10 (2d Cir.1976) ("[R]elease of one wrongdoer releases all those who acted as its agents, absent an express reservation to the contrary") (applying New York law); *Sade v. Hemstrom,* 205 Kan. 514, 471 P.2d 340, 347 (1970) (release of master also releases servant because "an injured person can have but one satisfaction for the same wrong"); *Willis v. Total Health Care of Detroit,* 125 Mich.App. 612, 337 N.W.2d 20, 22 (1983); *Mallette v. Taylor & Martin, Inc. Real Estate,* 225 Neb. 385, 406 N.W.2d 107, 109–10 (1987); *Randall v. Dallas Power & Light Co.,* 745 S.W.2d 397, 401 (Tex. App.1987) rev'd on other grounds, 752 S.W.2d 4 (Tex.1988).