488 P.2d 477

Arthur TORRES and Josie Torres, his wife, Appellants,

v.

KENNECOTT COPPER CORPORATION, a New York corporation, Appellee.

No. 1 CA–CIV 1485.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 13, 1971.

Finn & Van Baalen, by Peter T. Van Baalen, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Richard J. Woods and Ralph E. Mahowald, Jr., Phoenix, for appellee.

HAIRE, Judge.

On this appeal from a summary judgment in favor of defendant-appellee Kennecott Copper Corporation, plaintiffs-appellants Torres seek to challenge the trial court's conclusion that it lacked jurisdiction to entertain plaintiffs' suit for damages against Kennecott. The trial court held that plaintiffs' exclusive remedy was under the Workmen's Compensation Act. Kennecott has filed a motion to dismiss the appeal contending that the appeal has become moot by reason of the dismissal with prejudice of plaintiffs' action against Kennecott's employee, on whose alleged negligence Kennecott contends its liability can only be predicated. Appellee's motion to dismiss was heard simultaneously with oral argument on the merits of the appeal.

First, we note that filing a motion to dismiss an appeal under Rule 7, Rules of the Supreme Court, 17 A.R.S., is the proper procedure for presenting the issue of mootness, and that an appeal can be dismissed when the issues on appeal have become moot. In re Estate of Henry, 6 Ariz.App. 183, 430 P.2d 937 (1967).

After reviewing the matter, we agree with defendant Kennecott that plaintiffs' appeal should be dismissed as moot.

The relevant facts are undisputed and as pertinent hereto are as follows. On July 24, 1968, plaintiff Arthur Torres sustained an industrial injury while in the employ of Kennecott Copper Corporation when he lost control of the truck he was driving. Thereafter, Torres was admitted to Kearney Hospital, which is solely owned and operated by Kennecott. There he was treated for his injuries by Dr. Norbert A. Ehrman, a doctor on the hospital staff, and other hospital personnel. While receiving this treatment plaintiff contends his injuries were aggravated and that he received additional injuries due to Dr. Ehrman's negligence and the negligence of other hospital personnel, designated in plaintiffs' complaint as John Does and Jane Does I through V.

Torres filed a claim for compensation with the Industrial Commission, and thereafter accepted compensation. On January 26, 1970, the Commission entered its Findings and Award for Continuing Benefits and Establishing Average Monthly Wage. Subsequently, Torres filed a Petition for Hearing dated February 11, 1970, claiming continuing disability arising from the truck mishap and seeking compensation at a greater rate than he was then receiving.

On January 12, 1970, Torres filed the present civil action for damages against Dr. Ehrman, the above-mentioned John Does and Kennecott. Count I of the complaint alleged negligence on the part of Dr. Ehrman, the John Does, and alleged Kennecott's derivative liability as their employer, under the doctrine of *respondeat superior*. Count II alleged as a separate theory

of liability that Kennecott "was negligent in that it failed to use due care in the selection of its agents and employees, and was negligent in choosing a medical staff not possessing the degree of knowledge and skill ordinarily exercised or possessed by others in the same profession."

In due course Kennecott filed a motion for summary judgment and the trial court granted the motion on the basis that plaintiffs' exclusive remedy was under the provisions of the Workmen's Compensation Act. The plaintiffs then filed their appeal.

Thereafter plaintiffs dismissed with prejudice their claim against the defendant employee, Dr. Ehrman. Kennecott then filed its motion to dismiss this appeal. In the response to the motion to dismiss and in oral argument plaintiffs stated that they did not contend that any other employees or agents of Kennecott were negligent and further, that plaintiffs did not intend to amend their complaint so as to substitute other actual defendants for the fictional defendants originally named. Also, plaintiffs admit that their claim against Dr. Ehrman has been dismissed with prejudice.

As previously stated herein Kennecott's liability under Count I of the complaint was predicated upon the principles of *respondeat superior*. It is well established that where the master's liability is based solely on the negligent acts of his servant, a judgment in favor of the servant relieves the master of any liability. DeGraff v. Smith, 62 Ariz. 261, 157 P.2d 342 (1945); 53 Am.Jur.2d, Master and Servant § 408 (1970). Moreover, a dismissal with prejudice is a judgment on the merits, DeGraff, *supra*, and is therefore *res judicata* as to every issue reasonably framed by the pleadings. Rousselle v. Jewett, 101 Ariz. 510, 421 P.2d 529 (1966); Roden v. Roden, 29 Ariz. 549, 243 P. 413 (1926). Here, the order of dismissal with prejudice entered against Dr. Ehrman operated as an adjudication that he was not negligent in the treatment of plaintiff, and this adjudication operates to relieve the master Kennecott from any liability which may have evolved therefrom under the doctrine of *respondeat superior*.

We are also of the view that because of the dismissal of the claim against Dr. Ehrman, plaintiffs are now collaterally estopped from litigating Kennecott's liability under Count II of the complaint. Under this count plaintiffs alleged that Kennecott was negligent in failing to use due care in the selection of Dr. Ehrman. We recognize that where there is independent negligence on the part of the master, the master may be liable, apart from his derivative liability for his servant's wrongful acts. Siebrand v. Gossnell, 234 F.2d 81 (9th Cir. 1956); First National Bank v. Otis Elevator Co., 2 Ariz.App. 80, 406 P.2d 430 (1965), opinion on rehearing, 2 Ariz. App. 596, 411 P.2d 34 (1966). In such a case, a judgment in favor of the servant will not ordinarily bar a recovery against the master. However, the master must have " 'been guilty of acts on which *independently of the acts of the servant*, liability may be predicated.' " (Emphasis supplied). DeGraff v. Smith, 62 Ariz. 261, 266, 157 P.2d 342, 344 (1945). *See also*, Siebrand, *supra*, 234 F.2d at 89. As stated in Restatement Agency Second § 217 B, Comment d (1958):

"*d.* If there is an independent ground for finding the principal liable, judgment can be entered against him and for the agent. Thus, if, in an action against master and servant for harm caused by an automobile driven by the servant, there is evidence that the vehicle was defective, and that the defect was a cause of the harm, it is possible to ascribe the entire fault to the master or to another servant."

In this regard, plaintiffs allege that Kennecott was negligent in selecting Dr. Ehrman. However, under plaintiffs' Count II, as under Count I, the *sine qua non* of damage to plaintiffs is proof of negligence on the part of Kennecott's employee, Dr. Ehrman. Kennecott's alleged negligence in selecting an employee with known negligent propensities could not have resulted in det-

rimental consequences to plaintiffs, in the absence of negligent conduct on the part of that employee—and here, by virtue of the dismissal with prejudice, there has been a determination *that he was not negligent*.

Dr. Ehrman's negligence being an essential element to Kennecott's liability under Count II, and the issue of Dr. Ehrman's negligence having been adjudicated in his favor by the order of dismissal, we now hold that plaintiff is collaterally estopped from maintaining this action against Kennecott under this theory of liability.

The appeal is dismissed.

JACOBSON and EUBANK, JJ., concur.