732 P.2d 200

**Raima A. WIPER, Plaintiff-Appellee,**

v.

**The DOWNTOWN DEVELOPMENT CORPORATION OF TUCSON, Arizona, a non-profit corporation, and Priscilla Robinson, Defendants-Appellants.**

**No. 18560–PR.**

Supreme Court of Arizona, En Banc.

Jan. 7, 1987.

Law Offices of William J. Risner by Kenneth K. Graham, Tucson, for plaintiff-appellee.

Bury, Moeller & Humphrey by Kevin Miniat, Tucson, for defendants-appellants.

HAYS, Justice (retired).

Raima A. Wiper (plaintiff) brought an action for assault against defendant The Downtown Development Corporation of Tucson (DDC) and its director, Priscilla Robinson. Following a jury trial, plaintiff was awarded compensatory damages against both defendants and punitive damages against DDC only. The court of appeals affirmed. Wiper v. The Downtown Dev. Corp. of Tucson, No. 2 CA–CIV 5370 (Oct. 10, 1985).

In its petition for review, DDC claims that no legal basis exists for the award of

punitive damages. DDC maintains that as its liability is solely vicarious and no punitive damages were awarded against Robinson, none can properly be awarded against it. We granted review to clarify the relationship between punitive damages and the doctrine of respondeat superior. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Rule 23, Ariz.R.Civ.App.P., 17A A.R.S.

Wiper was assaulted by Priscilla Robinson following a DDC public meeting. Wiper, a member of the audience, had questioned provisions for low-cost housing in a downtown development project. After the meeting adjourned, Robinson "seized [Wiper] by the face and shoved her." Wiper was not physically injured, but she was mentally upset and continued to be so until the time of trial. Wiper subsequently sued both Robinson and DDC, alleging that the latter was liable for the acts of its employee based on the doctrine of respondeat superior. Wiper's complaint did not allege a claim against DDC for either negligent hiring or negligent supervision.

Without objection from defendants, the jury was given several forms of verdict, one of which allowed it to find in favor of defendant Robinson and against codefendant DDC on the issue of punitive damages. The jury's actual verdict awarded compensatory damages of $7,000 against both defendants, jointly and severally. The verdict awarded punitive damages of $2,500 against DDC only. The trial court accepted the verdicts without objection from counsel.[1] The appeals court affirmed the award of punitive damages against DDC. It held that such damages may be awarded against an employer whose only liability is vicarious, even though none are assessed against the employee whose acts created that liability. The basis for the court's holding was that a punitive damage award encourages employers to exercise closer

control over their servants. It did not matter that DDC was not charged in a separate count for negligent supervision. DDC contends that such a rule is both unsound and unfair. We agree.

It is generally recognized that an employer may be held liable to third persons for the tortious acts of its employee. There is a conflict of authority, however, as to exactly when an employer can be held vicariously liable for punitive damages based on an employee's conduct. *See generally* PROSSER & KEETON, HANDBOOK ON TORTS § 2 (5th ed. 1984). Many courts follow the RESTATEMENT OF THE LAW OF AGENCY (SECOND) § 217(C), and RESTATEMENT OF TORTS § 909, which recognize liability for punitive damages where the employee's act was either authorized, ratified or approved by the employer, where the employee was unfit and recklessly employed, or where the employee was acting in a managerial capacity and in the scope of employment. *See, e.g., Agarwal v. Johnson,* 25 Cal.3d 932, 603 P.2d 58, 160 Cal.Rptr. 141 (1979); *Condict v. Condict,* 664 P.2d 131 (Wyo.1983).

Arizona has specifically rejected the Restatement view in favor of a rule allowing punitive damages against an employer for acts of its employees "so long as committed in the furtherance of the employer's business and acting within the scope of employment." *Western Coach Co. v. Vaughn,* 9 Ariz.App. 336, 338–39, 452 P.2d 117, 119–20 (1969), *citing Southern Pacific Co. v. Boyce,* 26 Ariz. 162, 174–76, 223 P. 116, 120 (1924); *accord Owen v. Superior Court,* 133 Ariz. 75, 649 P.2d 278 (1982); *Echols v. Beauty Built Homes,* 132 Ariz. 498, 647 P.2d 629 (1982). In addition, Arizona has recognized specific instances where punitive damages cannot be imputed to an employer for an employee's acts. One such instance is where the individual employee has been discharged from person-

---

1. We note that in the appeals court, Wiper argued that DDC had waived the punitive damages issue by failing to object either to the jury instructions, the forms of verdict or the actual verdict. While recognizing some merit in Wiper's argument, the appeals court, nevertheless,

decided the issue on substantive grounds. By not filing a response to DDC's petition for review, Wiper has failed to raise the waiver issue for consideration by this court. We will therefore address the substantive issue upon which review was granted.

al liability. In such cases, a judgment in favor of the employee will relieve the employer of any liability. *See Rosenzweig & Son Jewelers, Inc. v. Jones,* 50 Ariz. 302, 72 P.2d 417 (1937). In *Rosenzweig,* a libel action, the jury returned a verdict in favor of the plaintiff and against the company, but not against the individual defendants. The company appealed the verdict, claiming the only legal theory which would support a verdict discharging the individual defendants was that they acted without malice. This being so, the company argued it could not be found guilty of malice and therefore judgment against it could not stand.

This court agreed with the company. We recognized that an "overwhelming majority" of cases have held that where an employer's liability is premised on principles of respondeat superior, the employer cannot be held liable if the jury finds in favor of the employee who actually committed the tort. *Id.* at 309, 72 P.2d at 419. Stated otherwise, where one defendant would be liable for committing the act and the other solely by operation of law, a finding that the first is not liable requires that the second be free from liability. *Id.* at 310, 72 P.2d at 420 (quoting *Doremus v. Root,* 23 Wash. 710, 63 P. 572 (1901)). We concluded:

> We think that all justice and reason upholds this view of the law. When the only reason why a judgment may be returned in favor of a plaintiff is that A has committed a tort, and the liability of B, if any, is an imputed one only, it would be a denial of all justice to say that the one who actually did the wrong may go free, while the one who can only be liable because of the former's wrongdoing is mulcted in damages.

50 Ariz. at 311, 72 P. at 420.

This court reached the same conclusion in *Kennecott Copper Corp. v. McDowell,* 100 Ariz. 276, 281–82, 413 P.2d 749, 753 (1966) (if a principal's liability is solely derivative, a directed verdict in favor of an agent who performs a tortious act necessarily releases the principal); and in *DeGraff v. Smith,* 62 Ariz. 261, 268–70, 157

P.2d 342, 345 (1945) (where negligence action was dismissed with prejudice against truck driver, plaintiff could not recover from truck owner since his liability was solely derivative and dismissal acts as an adjudication on the merits). *See also Torres v. Kennecott Copper Corp.,* 15 Ariz.App. 272, 274–75, 488 P.2d 477, 479–80 (1981) (where hospital's liability was predicated solely on the negligent acts of its employee/doctor, a judgment in favor of the doctor relieved the hospital of any liability).

In each of the cited cases, the issue before the court was liability for compensatory damages. Nevertheless, we believe the same general principles apply in the case of punitive damages. If an employee's conduct does not warrant recovery of punitive damages against himself, it can not serve as a basis for such recovery against his employer.

As stated previously, DDC's liability in the present case was predicated solely upon the doctrine of respondeat superior. Specifically, Wiper claimed that DDC was liable for the tortious act of its employee, Robinson. The jury, however, failed to return a verdict against Robinson on the punitive damages issue. This finding that Robinson's conduct did not warrant the imposition of punitive damages also operated to relieve DDC from any liability which may have attached to it under principles of respondeat superior. Where no punitive damages have been awarded against an employee, no punitive damages can be vicariously imputed to the employer.

The appeals court in this case justified the award of punitive damages against DDC by claiming that "the allowance of such damages will encourage employers to exercise closer control over their servants for prevention of outrageous torts." 152 Ariz. at 308, 732 P.2d at 199, *citing State v. Sanchez,* 119 Ariz. 64, 579 P.2d 568 (App. 1978). However, we believe such logic is applicable only where an allegation has been made that an employer somehow failed to act reasonably. In such cases the general rule

is that an employer may be liable for his own negligent conduct, separate from the derivative liability for his employee's acts. *Torres,* 15 Ariz.App. at 274–75, 488 P.2d at 479–80. Thus, a verdict in favor of the employee will not necessarily bar recovery against the employer. *Id.* There must, however, be an *independent ground* upon which the employer's liability may be based. *DeGraff,* 62 Ariz. at 266, 157 P.2d at 344, *citing Inter State Motor Freight System v. Henry,* 111 Ind.App. 179, 38 N.E.2d 909 (1942).

No such independent grounds were alleged in this case. Wiper's complaint contained neither a separate claim against DDC for its negligent hiring or selection of Robinson as a director nor an allegation that DDC failed to exercise proper control over its employee to prevent this type of tortious conduct. In fact, there was no allegation of negligence against DDC at all. Moreover, since Wiper did not include a separate negligence claim against DDC in her complaint, DDC was given no notice of that theory of liability. Accordingly, no evidence on the issue of DDC's negligence was presented to the jury. The award of punitive damages against DDC cannot be characterized as one based on the corporate employer's independent acts.

To summarize, we hold that an award of punitive damages against an employer is improper where no punitive damages have been awarded against the employee and the employer's liability is based solely on the doctrine of respondeat superior. We are aware that authority exists for a result contrary to that reached here. *See, e.g., Joab, Inc. v. Thrall,* 245 So.2d 291 (Fla. App.1971). Nevertheless, we believe the rule in Arizona to be the most fair and equitable to all parties concerned.

That portion of the appeals court opinion affirming the award of $2,500 punitive damages against DDC is hereby vacated. The issue of punitive damages is remanded to the trial court to enter judgment accordingly.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.