# District Court of the Navajo Nation

Judicial District of Window Rock, Arizona

**Albert Rockwell, et al., Plaintiffs,**

**v.**

**Gibson MacDonald, et al., Defendants.**

**Decided October 17, 1988**

## OPINION

Judge Robert Yazzie presiding.

This court having reviewed the Plaintiffs' Motion to Alter or Amend the Judgment entered on August 10, 1988, considers and decides these issues:

1. Whether the Navajo Nation is liable for compensatory damages awarded to Plaintiffs based on the theory of *Respondent Superior*.

2. Whether a wife is jointly and severally liable for the tortious conduct of her husband.

## I. Theory of Respondent Superior

The Court found in its previous opinion that each Defendent was employed as a police officer of the Navajo Nation at all times relevant to the cause of action. The Court further found that each Defendent committed false arrest, assault and battery against the Plaintiffs.

The Plaintiffs claim that the Navajo Nation, as employer of each Defendant, is liable for their tortious conduct. The Defendants, on the other hand, argue that each Defendant acted outside the scope of their employment. Therefore, the Navajo Nation is not liable.

Under the theory of Respondent Superior, more often known as vicarious liability, a master is liable for the tort of his servant. This rule applies to employer/employee relationships. In this case, the issue is whether the Navajo Nation is liable for the intentional torts of the Defendants under the theory of Respondent Superior.

Earlier state court decisions held that the intentional or wrongful doing on the part of a servant cannot be extended to the master because it cannot be implied that such conduct was ever authorized. Today, the courts have reconsidered the theory of allocation of the risk of the servant's conduct, and now recognize that even intentional torts may be within the scope of employment. The employer's liability has been extended to include intentional or wrongful doing of his employee.

Under this modern rule of law, the employer is held liable for any tort committed by the employee where the purpose, however misguided, is to further the

*451*

employer's business. Thus, an employer can be held liable where the employee resorts to false arrest, assault and battery. *Wiper v. Downtown Development Corp.,* 152 Ariz. 309, 310, 732 P.2d 200, 201 (1987).

Here, the Defendants were employed as police officers of the Navajo Nation when they committed the tort of false arrest, assault and battery. The officers' conduct with respect to the Plaintiffs was in furtherance of their "arresting efforts." They simply used more force than warranted, thereby giving rise to Plaintiffs' assault and battery claims. The Defendants were acting as police officers when they falsely arrested Plaintiffs.

Given these circumstances, the Navajo Nation, as employer, is liable for the intentional tort committed by each Defendant.

## II. Spousal Liability

The Plaintiffs argue that the wife of each Defendant should be jointly and severally liable for the torts of their husband because the Defendant officers' conduct ensued while they were employed and earning wages from the activities as police officers. Thus, the Plaintiffs reason that the wives directly benefitted from their husbands' police wages. Therefore, they must be held liable for their husbands' activities while acting to benefit the community.

At common law, the courts never really accepted the rule that a wife was liable for the tort of her husband. Nearly all jurisdictions have arrived at the conclusion that the wife is fully responsible for her own torts and the husband is not liable. The Married Women's Acts terminated the legal identity that each spouse was to be charged with the negligence of the other and permitted the wife to maintain an action for a personal tort in her own name. As a result, the law now views the wife as a separate individual whose torts are not attributed to the husband as in cases of any other persons. Here, false arrest, assault and battery are torts committed by defendant police officers. Just as in a negligence case, tort liability cannot be attributed to the husband. Thus, the intentional torts of the husband will not be attributed to the wife.

Furthermore, under Navajo law, if a person physically harms another, the tortfeasor is responsible for the injury to that person. Where the tortfeasor causes harm to another, he is wholly responsible for the harm he caused. In that respect, the tortfeasor would not only be held liable for the injury but also for the damages he caused. In view of this law, the wives in the instant case cannot be held liable for the tortious conducts of their husbands. The wife of each Defendant, therefore, cannot be held as jointly and severally liable. The application of this general rule is limited only to spousal liability.