170 P.3d 701

**Dee Ann LAW, for herself, and on behalf of Statutory Beneficiaries Ariel Law, a minor, and James Law, Plaintiff/Appellant,**

v.

**VERDE VALLEY MEDICAL CENTER, Defendant/Appellee.**

No. 1 CA–CV 06–0605.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 13, 2007.

Law Office of Earle & Associates By Robert L. Earle, Sedona, Attorney for Plaintiff/Appellant.

Shughart Thomson & Kilroy PC By Calvin L. Raup, Richard H. Rea, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

GEMMILL, Chief Judge.

¶1 Dee Ann Law ("Plaintiff"), for herself and on behalf of statutory beneficiaries, Ariel and James Law, appeals the trial court's judgment in her medical malpractice claim against Appellee Verde Valley Medical Center ("VVMC") for wrongful death. Finding no reversible error, we affirm.

## BACKGROUND

¶2 Plaintiff's decedent, Phillip Law ("Law"), died from a subdural hematoma in August 2001. Plaintiff alleged in her complaint that Law had been brought to VVMC at approximately 10 p.m. on August 4, 2001 "with a history of head trauma secondary to falling and striking his head, and with certain neurological symptoms." Law was also "very intoxicated."

¶3 Law fell again in the emergency department. After having left Law alone so that he could use a portable urinal, a nurse for VVMC discovered Law unconscious on the floor. Law was then treated at the medical center. As his condition deteriorated he was transferred to the critical care unit and, eventually, transferred to Saint Joseph's

Hospital/Barrows Neurological Institute in Phoenix, where he was pronounced dead.

¶ 4 Plaintiff sued VVMC and Drs. Brenda Howland and Vishal Chaurasia, who treated Law at VVMC, alleging medical malpractice and seeking compensatory and punitive damages. Plaintiff claimed that emergency room personnel negligently failed to properly attend to Law, communicate with and enlist the aid of doctors, and institute proper precautions to prevent his fall. She also alleged that VVMC "intentionally disregarded imposing protective safety steps before and after this incident, which is the equivalent of intending that harm occur to its patients."

¶ 5 Plaintiff alleged that Drs. Chaurasia and Howland breached the applicable standard of care and caused Law's death by failing to properly diagnose and treat his condition. Prior to trial, however, both doctors were dismissed with prejudice. Dr. Chaurasia was dismissed pursuant to a stipulation in conjunction with a settlement agreement, and Dr. Howland was dismissed upon Plaintiff's motion.

¶ 6 The case proceeded against VVMC and was tried for eight days to a jury, which returned a defense verdict. The trial court entered judgment in favor of VVMC and awarded VVMC its costs and sanctions pursuant to Rule 68, Arizona Rules of Civil Procedure. Plaintiff raises several issues on appeal. Because only our resolution of the vicarious liability issue merits publication, we have addressed Plaintiff's other issues in a separate memorandum decision issued contemporaneously with this opinion. *See* AR-CAP 28(g); Ariz. R. Sup.Ct. 111(h).

## THE DISMISSALS WITH PREJUDICE OF THE DOCTORS ELIMINATED ANY VICARIOUS LIABILITY OF VVMC FOR THE CONDUCT OF THE DOCTORS

¶ 7 Prior to trial, the court granted summary judgment in favor of VVMC on its potential vicarious liability for the alleged negligence of Drs. Howland and Chaurasia. "We review the grant of summary judgment *de novo*, and view the evidence and all reasonable inferences in the light most favorable to the party against whom summary judgment was entered." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 308, ¶ 2, 70 P.3d 435, 437 (2003).

¶ 8 VVMC moved for summary judgment on its alleged vicarious liability for the conduct of Drs. Howland and Chaurasia after the trial court's dismissal with prejudice of Plaintiff's claims against these doctors. VVMC argued that "where the master's liability is based solely on the negligent acts of his servant, a judgment in favor of the servant relieves the master of any liability" and that "a dismissal with prejudice is the equivalent of a judgment on the merits." *See De-Graff v. Smith*, 62 Ariz. 261, 265–70, 157 P.2d 342, 343–45 (1945) (explaining that release of employee from personal liability also releases employer and that dismissal with prejudice constitutes adjudication on the merits); *Torres v. Kennecott Copper Corp.*, 15 Ariz.App. 272, 274, 488 P.2d 477, 479 (1971) ("Here, the order of dismissal with prejudice entered against Dr. Ehrman operated as an adjudication that he was not negligent in the treatment of plaintiff, and this adjudication operates to relieve the master Kennecott from any liability which may have evolved therefrom under the doctrine of respondeat superior."). The trial court granted the motion and noted that VVMC was not by its ruling relieved from "any responsibility for [its] own potential negligence."

¶ 9 Plaintiff argues on appeal that *DeGraff* is "no longer good law" because the "concept of joint and several liability has been abolished in Arizona" by the enactment of the current statutory provisions comprising the Uniform Contribution Among Tortfeasors Act ("UCATA"), Arizona Revised Statutes ("A.R.S.") sections 12–2501 to –2509 (2003). She contends that under UCATA, VVMC should be held liable for the negligence of the doctors even though the doctors have been dismissed with prejudice. She further argues that the remedy under UCATA for "one who is liable for the acts of its servant (or independent contractor) is to seek contribution against the agent or servant." She concludes, therefore, that summary judgment on vicarious liability should not have been granted in favor of VVMC. We disagree because

we do not believe that UCATA changed the common law pertaining to this particular situation.

¶ 10 We first observe that Plaintiff cites no cases holding that the *DeGraff* principles have been overruled or rendered inapplicable by UCATA.[1] We also note that Arizona courts have discussed, with apparent approval, the pertinent principles from *DeGraff* in cases decided after the enactment of UCATA. *See, e.g., Ford v. Revlon*, 153 Ariz. 38, 42, 734 P.2d 580, 584 (1987) ("[W]hen the master's liability is based solely on the negligence of his servant, a judgment in favor of the servant is a judgment in favor of the master."); *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 265, ¶ 45, 92 P.3d 882, 895 (App. 2004) (same); *Walter v. Simmons*, 169 Ariz. 229, 237, 818 P.2d 214, 222 (App.1991).

█ ¶ 11 Furthermore, even though UCATA has abrogated joint liability for most tortfeasors, UCATA has not changed the law regarding vicarious liability. Section 12–2506, in pertinent part, provides:

§ 12–2506. Joint and several liability abolished; exception; apportionment of degrees of fault; definitions

A. In an action for personal injury, property damage or wrongful death, *the liability of each defendant for damages is several only and is not joint, except as otherwise provided in this section.* Each defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be entered against the defendant for that amount. To determine the amount of judgment to be entered against each defendant, the trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault, and that amount is the maximum recoverable against the defendant.

. . .

D. *The liability of each defendant is several only and is not joint, except that a party is responsible for the fault of another person,* or for payment of the propor-

tionate share of another person, *if any of the following applies:*

1. Both the party and the other person were acting in concert.

2. *The other person was acting as an agent or servant of the party.*

3. The party's liability for the fault of another person arises out of a duty created by the federal employers' liability act, 45 United States Code § 51.

A.R.S. § 12–2506(A),(D) (2003) (emphasis added.) Subsection 12–2506(D)(2) preserves the vicarious liability of a principal or master for the conduct of an agent or servant. The master and servant (or principal and agent) may therefore be jointly liable but they are not true joint tortfeasors.

¶ 12 Our supreme court recognized the distinction between traditional joint tortfeasors and a master's vicarious liability for a servant's negligence in *DeGraff*:

Defendant DeGraff contends that joint tort-feasors are those who jointly, or by some concerted action, commit the wrong, and that active participation in the alleged negligence is necessary to constitute a person a joint tort-feasor. It is the defendant's contention that *this is a case of master and servant and that the master's responsibility does not make him a joint tortfeasor, but that his liability is solely derivative. With this proposition we agree.*

*DeGraff*, 62 Ariz. at 264, 157 P.2d at 343 (emphasis added). Recently, our supreme court has reiterated that joint liability and vicarious liability are not the same:

Joint liability and vicarious liability are related but separate doctrines. The joint liability that was abolished by A.R.S. § 12–2506(D) was limited to that class of joint tortfeasors whose independent negligence coalesced to form a single injury. In contrast to those whose liability was vicarious only, each was personally at fault to some degree, though each was wholly liable for full damages. Section 12–2506 changed that. Each is now "liable only for the amount of damages allocated to that defendant in direct proportion to that defen-

1. UCATA was originally enacted in 1984. Various sections have been amended thereafter.

dant's percentage of fault." A.R.S. § 12–2506(A). But section 12–2506(D) preserves joint liability for both true joint tortfeasors (those "acting in concert") and those vicariously liable for the fault of others. Those whose liability is only vicarious have no fault to allocate. Section 12–2506(D) recognizes this by stating that "a party is responsible for the fault of another person ... if the other person was acting as an agent or servant of the party." We see this as a simple acknowledgement that those whose liability is only vicarious are fault free—someone else's fault is imputed to them by operation of law. The quoted language just makes express that which is implicit—*the statute does not affect the doctrine of vicarious liability.*

*Wiggs v. City of Phoenix,* 198 Ariz. 367, 371, ¶ 13, 10 P.3d 625, 629 (2000) (emphasis added).

■ ¶ 13 Therefore, UCATA has not changed the law pertaining to vicarious liability, and we reject Plaintiff's argument that the principles from *DeGraff* are no longer applicable. When a judgment on the merits—including a dismissal with prejudice—is entered in favor of the "other person" in A.R.S. § 12–2506(D)(2) (such as each doctor here), there is no fault to impute and the party potentially vicariously liable (VVMC here) is not "responsible for the fault" of the other person. Nothing in UCATA changed the result of the application of the *DeGraff* line of cases.

¶ 14 Plaintiff also relies on A.R.S. § 12–2504 for the proposition that a release of one joint tortfeasor does not automatically release all other joint tortfeasors. This statute provides:

§ 12–2504. Release or covenant not to sue

If a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death both of the following apply:

1. It does not discharge any of the other tortfeasors from liability for the inju-

ry or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant or in the amount of the consideration paid for it, whichever is the greater.

2. It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

Plaintiff's interpretation of this statute may be correct: a release of one joint tortfeasor does not necessarily release other joint tortfeasors. But this statute does not apply here for two reasons.

■ ¶ 15 First, by its terms § 12–2504 applies to releases and covenants not to sue or to enforce judgment. The statute does not address dismissals with prejudice of pending actions. The trial court's summary judgment in favor of VVMC on its alleged vicarious liability for the conduct of the doctors was not based on *releases* given to the doctors.[2] Rather, the summary judgment was based on *dismissals with prejudice,* which constitute adjudications of non-liability on the merits. *See Torres,* 15 Ariz.App. at 274, 488 P.2d at 479 ("[A] dismissal with prejudice is a judgment on the merits."). Because the doctors were, in the eyes of the law, adjudicated to have no liability to Plaintiff, neither did VVMC have any vicarious liability to Plaintiff based on the doctors' conduct.

■ ¶ 16 Second, § 12–2504 is not applicable here because VVMC and the doctors are not true joint tortfeasors under Arizona law. Any liability VVMC may have had for the actions or inaction of the doctors would have been vicarious and not a result of joint or concerted action. *See Wiggs,* 198 Ariz. at 371, ¶ 13, 10 P.3d at 629; *DeGraff,* 62 Ariz. at 264, 157 P.2d at 343. *Cf. Neil v. Kavena,* 176 Ariz. 93, 95, 859 P.2d 203, 205 (App.1993) (declaring that § 12–2504 does not apply if tortfeasors are not jointly liable).

### CONCLUSION

¶ 17 We affirm the trial court's grant of summary judgment to VVMC on its alleged

---

2. In fact, it appears from the record that one of the doctors was dismissed with prejudice in the

absence of any settlement payment or release.

vicarious liability for the conduct of the doctors.[3] For the additional reasons stated in our separate memorandum decision, we affirm the judgment of the court in favor of VVMC.

CONCURRING: DONN KESSLER, Presiding Judge, and ANN A. SCOTT TIMMER, Judge.

---

**3.** Because we have assumed in this analysis that the doctrine of *respondeat superior* was applicable, we have not addressed such questions as whether the doctors were independent contractors or whether the doctrine of apparent or ostensible authority might apply.