NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDEN ADKINS; CHRISTOPHER ABRAMS; CLARENCE BUTLER, Jr.; WARREN K. ELICKER; SAMUEL GUSMAN, Jr.; VAOPELE T. IIGA; WILLIAM KEKONA, III; DANIEL KENOLIO; KEONE LABATAD; HARRY B. LOUGHMILLER, Jr.; JUSTIN LUHIA; EARL NAKI; JASON K. SANTOS; LOTO SATELE; MOSES THOMPSON; PAUL M. TOGIA; SENITA M. TUIVAILALA; POTAUFA ULA; SHADRACH UNEA; CODY BRANDT; KEOKI AGOSTO, Plaintiffs-Appellants, v. CORRECTIONS CORPORATION OF AMERICA; NATHANIEL SAMBERG; SCHNEIDER, CO; ROCHA, CO; ROMERO, Sort Member; STATE OF HAWAII; JOHN IOANE; FRANK GARCIA; GAWLIK, Sort Member; CANTEY, Sort Member; ONDULICH, Sort Member, Defendants-Appellees. | No.    15-15548 D.C. No. 2:12-cv-01615-SMM MEMORANDUM[*] |

Appeal from the United States District Court

_____

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted January 9, 2017
San Francisco, California

Before: WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Plaintiffs, twenty one State of Hawaii (SOH) inmates formerly in the custody of Corrections Corporation of America (CCA) at Saguaro Correctional Center in Eloy, Arizona, appeal from the judgment entered by the district court in favor of Defendants CCA, SOH, eleven CCA corrections officers, and one SOH corrections officer following jury verdicts on several causes of action arising from alleged beatings related to an inmate disturbance on July 26, 2010. We assume the parties' familiarity with the facts and procedural history of this case, and discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in granting Defendants' Rule 50(a) motions for judgment as a matter of law with respect to all 42 U.S.C. § 1983 claims against each individual Defendant for each beating in which he was not identified as a direct participant. We review de novo the district court's grant of Rule 50 motions. *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). An individual can be held liable pursuant to § 1983 only when there is "a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930,

934 (9th Cir. 2002). Under the integral participant theory, an individual's personal participation can be established through "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

Plaintiffs produced no evidence at trial from which a reasonable jury could have found that any individual Defendant was fundamentally involved in any alleged beating beyond those in which he was already specifically identified as a direct participant. At most, Plaintiffs' collective testimony established that some individual Defendants were present during assaults perpetrated by other individual Defendants. But mere presence at the scene of a constitutional violation is insufficient to constitute integral participation. *Jones*, 297 F.3d at 936. The district court therefore properly dismissed as a matter of law all § 1983 claims except for those supported by evidence which identified an individual Defendant as having participated in the alleged beating of a particular Plaintiff.[1]

---

[1] In their reply brief, Plaintiffs identify excerpts of individual Plaintiffs' testimonies that purportedly establish the direct participation of particular individual Defendants in the beatings of those individual Plaintiffs. Plaintiffs argue that the district court overlooked these testimonies in dismissing the § 1983 claims of those Plaintiffs against those Defendants. *Id.* However, Plaintiffs did not raise this argument in their opening brief, and we therefore conclude that it is waived. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (citing *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)).

2. The district court did not err in granting Defendants' Rule 50(a) motions for judgment as a matter of law with respect to all Arizona state law assault and battery claims against each individual Defendant for each beating in which he was not identified as a direct participant. Arizona law permits joint and several liability when multiple tortfeasors are found to have been "acting in concert." A.R.S. § 12–2506(D)(1). However, a plaintiff must show that there was "a conscious agreement to pursue a common plan or design" between the tortfeasors. A.R.S. § 12–2506(F)(1). Plaintiffs produced no evidence at trial from which a reasonable jury could have found a "conscious agreement" between all Defendants to perpetrate every alleged beating. The district court therefore properly dismissed as a matter of law all Arizona state law assault and battery claims except for those supported by evidence which identified an individual Defendant as having participated in the alleged beating of a particular Plaintiff.[2]

3. The district court's Rule 50(a) dismissal of the Arizona state law vicarious liability claims against CCA and SOH is affirmed. Vicarious liability under Arizona law attaches to an employer only when an employee commits a tort. *Wiper v. Downtown Dev. Corp. of Tucson*, 732 P.2d 200, 201-02 (Ariz. 1987).

---

[2] Plaintiffs also rely on the testimonies identified in their reply brief to argue that the district court improperly dismissed Arizona state law assault and battery claims against individual Defendants who were identified by Plaintiffs as direct participants in their assaults. Because Plaintiffs did not raise this issue in their opening brief, we also conclude that it is waived. *Greenwood*, 28 F.3d at 977.

Because 1) the district court properly dismissed all Arizona state law assault and battery claims against each individual Defendant for each beating in which he was not identified as a direct participant, and 2) the jury found for the individual Defendants on all remaining Arizona state law assault and battery claims, there are no Arizona state law torts to which vicarious liability could have attached.

4. The district court did not abuse its discretion in denying Plaintiffs' motion to amend the complaint to add state law negligence and conspiracy claims. Denials of leave to amend are reviewed for abuse of discretion. *Or. Teamster Emp'rs Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1161 (9th Cir. 2015). The district court has broad discretion to deny claims and allegations raised in circumstances where discovery has closed and the amendment would cause prejudice and delay. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Although Plaintiffs contend that the complaint sufficiently pleaded both claims, the district court's summary judgment order gave clear notice that the complaint did not do so. Plaintiffs provide no explanation for why they waited nine months after the summary judgment order until only a week before trial before attempting to amend the complaint. The district court therefore did not abuse its discretion in denying the motion to amend on the grounds that Plaintiffs had ample opportunity to amend the complaint prior to trial and the addition of

these two claims would have required additional discovery and trial preparation on the eve of trial.

5. The district court did not err in granting summary judgment to Defendants on Plaintiffs' federal conspiracy claim. Plaintiffs argue that they mischaracterized their federal conspiracy claim as a § 1985 conspiracy claim in the Joint Case Management Plan (JCMP) and should not be penalized for a typographical "error in one digit ('1985' instead of '1983')." Despite having ample opportunity to correct this mistake, Plaintiffs not only failed to do so, but instead perpetuated the impression that they were asserting a § 1985 conspiracy claim. The JCMP required the parties to list the elements of each cause of action, and Plaintiffs both listed the elements for a § 1985(3) conspiracy claim and provided citations to § 1985(3) conspiracy cases to explain the elements. Furthermore, after Defendants moved for summary judgment based on the elements of a § 1985(3) conspiracy claim, Plaintiffs did not clarify in their opposition papers that they intended to assert a § 1983 conspiracy claim. Lastly, after the district court dismissed the conspiracy claim as a § 1985(3) conspiracy claim, Plaintiffs did not seek reconsideration or clarification from the district court. Because Plaintiffs had knowledge of their mistake and made no attempt to correct it, the district court properly granted summary judgment on Plaintiffs' federal conspiracy claim.

6

6. The district court did not abuse its discretion in denying Plaintiffs' motion to amend the pleadings to conform to the evidence following Plaintiffs' case-in-chief. Denials of motion to conform the pleadings to the evidence are reviewed for abuse of discretion. *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002). Plaintiffs' motion was a second attempt to assert a general negligence claim against CCA and SOH and a state law conspiracy claim against Defendants; thus, the same reasons for affirming the denial of the motion to amend the complaint weigh in favor of affirming the denial of the motion to conform the pleadings to the evidence. Furthermore, granting this motion following Plaintiffs' case-in-chief would have resulted in additional prejudice to Defendants by depriving them of the opportunity to cross-examine Plaintiffs' witnesses based on these new claims.

7. The district court did not err with respect to the four challenged jury instructions. "We review a district court's formulation of civil jury instructions for abuse of discretion, but we review de novo whether an instruction states the law correctly. Jury instructions must be supported by the evidence, fairly and adequately cover the issues presented, correctly state the law, and not be misleading." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (internal citations omitted).

First, the district court did not abuse its discretion in failing to include an

"integral participation" instruction or an "acting in concert" instruction because, for the reasons discussed above, Plaintiffs failed to produce sufficient evidence at trial from which a jury could have found any individual Defendant liable under either theory. Second, the district court did not abuse its discretion in rejecting Plaintiffs' requested "legal cause" instruction because the instructions given did not preclude the jury from concluding that more than one individual Defendant participated in an alleged beating. Third, the district court did not abuse its discretion with respect the formulation of the "justification" instruction because it was an accurate reflection of Arizona law. *See* A.R.S. § 13-403. Fourth, Plaintiffs waived their challenge to the "evidence pertaining to remaining claims" instruction. Plaintiffs initially objected to this instruction, and the district court preliminarily agreed that this instruction would not be given. However, when the district court presented the parties with the proposed jury instructions the next morning with the disputed instruction included, Plaintiffs confirmed that the instructions "comport[ed] with [the district court's] rulings" while reiterating objections to two other challenged instructions. We therefore conclude that Plaintiffs invited error by withdrawing their objection. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("If the defendant has both invited the error, and relinquished a known right, then the error is waived and therefore unreviewable.").

8

8. The district court did not violate Plaintiffs' First Amendment rights by denying their request "to talk to the jury without restrictions" post-verdict. "[T]here is no federal constitutional problem involved in the denial of a motion to interrogate jurors where, as here, there has been no specific claim of jury misconduct." *Smith v. Cupp*, 457 F. 2d 1098, 1100 (9th Cir. 1972); *see also United States v. Wright*, 506 F.3d 1293, 1303 (10th Cir. 2007) ("[A] trial judge is well within his discretion in denying leave to inquire of jurors where there was no claim of external interference with the process."). Plaintiffs concede in their appellate briefing that the purpose of their request was to inquire into jury deliberation improprieties. Because Plaintiffs failed to provide the district court with any evidence of juror misconduct, the district court did not abuse its discretion in denying Plaintiffs' request to inquire into juror deliberations.

**AFFIRMED.**