NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THOMAS KOPP, et al., *Plaintiffs/Appellants*,

*v.*

PHYSICIAN GROUP OF ARIZONA, INC., et al., *Defendants/Appellees*.

MELISSA ORNELAS, *Plaintiff/Appellant*,

*v.*

PHYSICIAN GROUP OF ARIZONA, INC., et al., *Defendants/Appellees*.

MARIA JUDITH GONZALEZ, et al., *Plaintiffs/Appellants*,

*v.*

PHYSICIAN GROUP OF ARIZONA, INC., et al., *Defendants/Appellees*.

Nos. 1 CA-CV 16-0227
1 CA-CV 16-0228
1 CA-CV 16-0232
(Consolidated)
FILED 6-8-2017

Appeal from the Superior Court in Maricopa County
Nos. CV2012-092733, CV2012-092734, CV2011-098899
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Udall Shumway, PLC, Mesa
By H. Michael Wright, Lincoln M. Wright
*Co-Counsel for Plaintiffs/Appellants*

Tolman Law Firm, Tempe
By J. Robert Tolman
*Co-Counsel for Plaintiffs/Appellants*

The Checkett Law Firm, PLLC, Scottsdale
By John J. Checkett, James G. Bennett
*Co-Counsel for Defendants/Appellees*

Broening Oberg Woods & Wilson, Phoenix
By Kevin R. Myer
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1        Thomas and Angela Kopp, Melissa Ornelas, and Maria Judith and Ralph Gonzalez (collectively, "Plaintiffs"), appeal the superior court's judgment entered pursuant to Rule 54(b), Ariz. R. Civ. P., dismissing derivative negligence claims against Physician Group of Arizona, Inc.; Iasis Healthcare Corp.; Iasis Healthcare Holdings, Inc.; Iasis Finance, Inc.; and St. Luke's Medical Center, LP d/b/a Tempe St. Luke's Hospital, A Campus of St. Luke's Medical Center (collectively, "Defendants").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Thomas Kopp, Melissa Ornelas, and Maria Judith Gonzalez each underwent bariatric surgery performed by Eric S. Schlesinger, M.D., at Tempe St. Luke's Hospital.

¶3        In 2011 and 2012, Plaintiffs separately filed medical malpractice complaints against Dr. Schlesinger and Defendants; these cases

2

were later consolidated for discovery purposes. In these complaints, Plaintiffs alleged Dr. Schlesinger was negligent in his surgical care, and the remaining Defendants were not only vicariously liable for Dr. Schlesinger's negligence, but also independently negligent in the administrative structure of the bariatric surgery program, including the failure to impose reasonable controls for both physician and nursing care.

¶4            Plaintiffs entered a settlement agreement with Dr. Schlesinger, which required Plaintiffs to dismiss their claims against him with prejudice, and further provided: "This Agreement does not preclude [Plaintiffs] from pursuing independent claims against the hospital entities named as defendants in [Plaintiffs' cases] but does preclude [Plaintiffs] from pursuing claims against the hospital entities named as defendants . . . based on a theory of vicarious liability or respondeat superior relating to [Dr. Schlesinger's] acts and/or omissions." The agreement also provided that the settlement was not an admission of any wrongdoing by Dr. Schlesinger.

¶5            Thereafter, counsel for Plaintiffs and Dr. Schlesinger stipulated to dismiss with prejudice all claims against Dr. Schlesinger and "any claims against any co-defendants for vicarious liability." Consistent with the settlement agreement, the stipulation further provided: "Plaintiffs specifically reserve and do not dismiss independent claims against the remaining Defendants that do not relate to vicarious liability for Dr. Schlesinger's alleged actions." The superior court then dismissed with prejudice all claims against Dr. Schlesinger.

¶6            The remaining Defendants then moved to dismiss most of the remaining claims against them, arguing the claims were derivative of the negligence claims against Dr. Schlesinger and should be dismissed pursuant to *Torres v. Kennecott Copper Corporation*, 15 Ariz. App. 272, 488 P.2d 477 (1971). In response, Plaintiffs argued that all remaining claims against Defendents were non-derivative; i.e., claims predicated only on the independent negligence of Defendants. Defendants conceded that some claims, such as a claim based on nurses' alleged negligence in post-operative wound care, could still stand as independent claims, but Plaintiffs' claims of negligent credentialing, hiring, and supervision of Dr. Schlesinger were all predicated on his negligence and should be dismissed.

¶7            Following a hearing, the superior court dismissed with prejudice Plaintiffs' negligent credentialing, hiring, and supervision claims

based on the settlement with Dr. Schlesinger.[1]  The court subsequently issued orders extending discovery and disclosure deadlines to allow Plaintiffs to do more discovery related to the remaining independent claims.

**¶8**        The superior court later signed a proffered non-appealable order consistent with its previous rulings:

> Plaintiffs' settlement with Dr. Schlesinger prevents Plaintiffs from pursuing any negligence claims against Defendants [Physicians Group of Arizona, Inc. ("PGA")] and [Tempe St. Luke's Medical Center et al. ("TSL")] that can be characterized as a vicarious liability cause of action or as a derivative claim.  This includes the negligent credentialing claims, the negligent supervision and the negligent . . . hiring claims.  *Any independent negligence claims alleged against Defendants PGA and TSL which are not based on or derivative of the negligence of Dr. Schlesinger survive the settlement with Dr. Schlesinger*, if any.
>
> . . . .
>
> IT IS [] ORDERED dismissing the negligent credentialing claims against Defendants PGA and TSL with prejudice;
>
> IT IS FURTHER ORDERED dismissing the negligent supervision claims against Defendants PGA and TSL with prejudice;
>
> IT IS FURTHER ORDERED dismissing the negligent hiring claims against Defendants PGA and TSL with prejudice[;]
>
> IT IS FURTHER ORDERED dismissing any negligence claims that are based on or derivative of the negligence of Dr. Schlesinger.

(Emphasis added.)

---

[1]        The superior court did not make clear whether it was treating the motion to dismiss as a motion pursuant to Rule 12(b)(6), Ariz. R. Civ. P., or as a motion for summary judgment.

**¶9** As noted, the order submitted to and signed by the court did not contain Rule 54(b) language, and the parties continued to litigate concerning the remaining claims. Nine months later, however, the parties submitted a joint stipulation to convert the previous order to a judgment with Rule 54(b) language.

**¶10** The superior court issued a signed Rule 54(b) judgment reflecting the dismissal of the vicarious and derivative liability claims. Plaintiffs filed separate timely notices of appeal, and this court consolidated the appeals, designating case no. 1 CA-CV 16-0227 (Kopp), as the primary number. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).

## ANALYSIS

**¶11** Plaintiffs argue the superior court erred in dismissing their claims of negligent credentialing, hiring, and supervision on the basis that the claims were derivative of the alleged negligence of Dr. Schlesinger.

**¶12** Defendants attached exhibits to their motion to dismiss, and because matters outside the pleadings were presented to and not excluded by the superior court, we review the motion to dismiss as a motion for summary judgment. *See* Ariz. R. Civ. P. 12(d); *Frey v. Stoneman*, 150 Ariz. 106, 108-09, 722 P.2d 274, 276-77 (1986), *cited in Drew v. Prescott Unified Sch. Dist.*, 233 Ariz. 522, 524, ¶ 7, 314 P.3d 1277, 1279 (App. 2013).

**¶13** "In reviewing the grant of a motion for summary judgment, we construe the facts and reasonable inferences in the light most favorable to the opposing party and will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Drew*, 233 Ariz. at 524, ¶ 8, 314 P.3d at 1279 (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482, ¶¶ 13-14, 38 P.3d 12, 20 (2002); *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990)). "We review *de novo* issues of statutory interpretation and the court's application of the law." *Id.* (citing *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11, 130 P.3d 978, 980 (2006); *State Comp. Fund v. Yellow Cab Co.*, 197 Ariz. 120, 122, ¶ 5, 3 P.3d 1040, 1042 (App. 1999)).

**¶14** Here, Plaintiffs entered a settlement agreement and stipulation dismissing their claims against Dr. Schlesinger. Further, Plaintiffs agreed to the timing, structure, and terms of the settlement. Moreover, they agreed that no wrongdoing on the part of Dr. Schlesinger "is implied or should be inferred" by the agreement. Pursuant to both the plain terms of the settlement agreement and *Torres*, the dismissal of

Plaintiffs' negligence claims against Dr. Schlesinger preclude Plaintiffs from litigating Defendants' alleged liability as vicariously derived from any alleged negligence of Dr. Schlesinger. *See Torres*, 15 Ariz. App. at 274, 488 P.2d at 479; *see also Jamerson v. Quintero*, 233 Ariz. 389, 390, ¶ 6, 313 P.3d 532, 533 (App. 2013) ("When a plaintiff sues both the agent and the principal for the negligence of the agent, a judgment in favor of the agent bars the plaintiff's vicarious liability claim against the principal, even when the judgment is the product of a settlement." (citing *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 574, 716 P.2d 28, 31 (1986); *Law v. Verde Valley Med. Ctr.*, 217 Ariz. 92, 96, ¶ 13, 170 P.3d 701, 705 (App. 2007))). Plaintiffs' claims that Defendants negligently credentialed, hired, or supervised Dr. Schlesinger were all predicated on—and therefore derivative of—the negligence of Dr. Schlesinger. *See Torres*, 15 Ariz. App. at 274-75, 488 P.2d at 479-80. Accordingly, the superior court did not err in dismissing those claims.[2]

**¶15**　　　　Plaintiffs devote much of their briefs to the argument that their independent negligence claims against Defendants are not barred. To the extent Plaintiffs argue the superior court dismissed these independent negligence claims, their argument misapprehends the court's judgment and the procedural posture of this case. The superior court's partial final judgment dismissed with prejudice *only* the vicarious negligent credentialing, hiring, and supervision claims against Defendants. That was proper pursuant to both the explicit terms of the settlement agreement and the well-established jurisprudence of *DeGraff*,[3] *Torres*, *Law*, and *Jamerson*. The court did not enter any sort of judgment under Rule 54(c), or otherwise resolve that portion of the case involving independent liability claims against Defendants. Accordingly, that portion of the case remains pending.

---

[2]　　　　Moreover, we reject Plaintiffs' implication that Arizona's 1984 adoption of the Uniform Contribution Among Tortfeasors Act ("UCATA"), *see* A.R.S. §§ 12-2501 to -2509 (2016), should be construed as having abrogated *Torres* with respect to vicarious liability. *See generally Law*, 217 Ariz. at 94-96, ¶¶ 9-13, 170 P.3d at 703-05 (discussing UCATA and concluding that "UCATA has not changed the law pertaining to vicarious liability"). Further, Plaintiffs fail to provide support for their argument that the application of *Torres* and *Law* has a "chilling effect" on settlements, and we decline here to revisit those cases on that basis.

[3]　　　　*DeGraff v. Smith*, 62 Ariz 261, 157 P.2d 342 (1945).

**CONCLUSION**

**¶16** For the foregoing reasons, we affirm the superior court's judgment. We award taxable costs to Defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA