NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | No. 17-16398 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01496-GMS |
| v. | |
| UNKNOWN GREGOLINE, Licensed Doctor of Dental Surgery; CORRECTIONS CORPORATION OF AMERICA, Private corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Matthew James Griffin, a New Mexico state prisoner formerly incarcerated

in Arizona, appeals pro se from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging deliberate indifference to his dental needs and state

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendant Dr. Gregoline on Griffin's Eighth Amendment claim because Griffin failed to raise a genuine dispute of material fact as to whether Dr. Gregoline was deliberately indifferent to his dental needs. *See id.* at 1058-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the appropriate course of treatment do not amount to deliberate indifference).

The district court properly granted summary judgment for defendant Corrections Corporation of America ("CCA") because Griffin failed to raise a genuine dispute of material fact as to whether CCA's custom or policy violated Griffin's Eighth Amendment rights. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to establish a private entity's liability under § 1983, the plaintiff must show that the private entity's custom or policy violated plaintiff's constitutional rights).

The district court properly granted summary judgment on Griffin's

17-16398

negligence and respondeat superior claims because Griffin failed to introduce expert testimony and therefore failed to establish a genuine dispute of material fact as to the elements of a negligence claim. *See Ryan v. S.F. Peaks Trucking Co.*, 262 P.3d 863, 869-70 (Ariz. Ct. App. 2011) (unless it is readily apparent to the trier of fact, expert medical testimony is required to establish that defendant's conduct fell below the standard of care and that defendant's conduct proximately caused plaintiff's injury); *Law v. Verde Valley Med. Ctr.*, 170 P.3d 701, 703-05 (Ariz Ct. App. 2007) (employer cannot be liable for conduct of employee under respondeat superior if employee's conduct does not give rise to liability).

The district court did not abuse its discretion by issuing orders to manage discovery. *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (setting forth standard of review and noting that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation"); *see also* Fed. R. Civ. P. 26(b)(2)(C) (district court may limit discovery sua sponte if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011) (discussing motions for discovery under Fed. R. Civ. P. 56(d) and explaining that a plaintiff must show that the discovery sought would have

3                                                         17-16398

precluded summary judgment).

Although the record reflects that Griffin was not provided with the opportunity to review and sign his deposition, he has not established any prejudice.

We reject as meritless Griffin's contention that the district court relied improperly on Gregoline's declaration in granting summary judgment.

**AFFIRMED.**